Morris L. Idelevitz, Appellant, v. Frederick Bernstein, Joseph B. Connolly and Kenneth Keill, Respondents.— In an action to recover damages for alleged libel, false imprisonment and conspiracy, judgment dismissing the complaint at the close of plaintiff's case unanimously affirmed, with costs. No opinion. Present —Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of Supplementary Proceedings: Brady Coal & Ice Co., Inc., Appellant, v. Anna Rose McAteer, Respondent, and Others, Defendants.— Order denying application of the receiver of the judgment creditor to be appointed receiver of the judgment debtor in supplementary proceedings reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted that Thomas F. English be appointed receiver as to the interests and property of the judgment debtor in the estate of Annie M. Brady, deceased. There is not sufficient showing as to the facts in relation to the Patrick Brady estate to warrant the appointment of a receiver as to any interest that the judgment debtor may have therein. If such property is reached it must be by another action or proceeding. The rights of the receiver will, of course, be subject to the order of distribution of the Surrogate's Court. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

In the Matter of the Application for Support, Education and to Establish the Paternity of a Child Born Out of Wedlock. Harold Bailey Ketcham, Appellant; Catherine Doxey, Respondent.— Order of the Children's Court of the County of Nassau, which decreed that the appellant was the father of a child born to the complainant on July 28, 1937, and directed that the appellant pay the sum of forty dollars for confinement expenses, five dollars weekly for the support and maintenance of said child, and seventy-five dollars in case of death, unanimously affirmed. While we are of opinion that the trial court committed error in admitting in evidence the result of the blood grouping test over appellant's objection, the error was harmless, since the order is amply supported by the testimony under the version of the relationship given either by the complainant or by the appellant. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.